# PIERCEY v. CIVIL SERVICE COMMISSION OF SALT LAKE CITY et al.

No. 7278. Decided August 6, 1949. (208 P. 2d 1123.)

See 43 C. J., Municipal Corporations, sec. 1476. Master and Servant relations, discharge in general, see note, 161 A. L. R. 706. See, also, 35 Am. Jur. 469.

*E. R. Christensen, Homer Holmgren, A. Pratt Kesler,* Salt Lake City, for plaintiff.

*Dwight L. King* and *Rawlings, Wallace & Black,* Salt Lake City, for defendants.

WOLFE, Justice.

This is a proceeding to review a decree made by the Civil Service Commission of Salt Lake City ordering that the defendant, Harold Fox, be restored to his position as fireman first grade in the Salt Lake City fire department.

On August 5, 1948, Fox was arrested and incarcerated on a charge of drunkenness on which he was later found not guilty. While Fox was in jail the plaintiff, J. K. Piercey, Chief of the Salt Lake City fire department, came to see him upon Fox's request. While there Fox claims Piercey asked him to resign from the fire department. He also told Fox to report to the plaintiff's office the next morning. Fox was released from jail and reported as requested to the plaintiff's office the following day. There he met with the plaintiff and members of the plaintiff's board of chief officers who asked Fox to tender his resignation. Fox claims that Piercey threatened him:

"If you don't resign, I'll blast you and smear you in every newspaper in Salt Lake City. I'll make it so miserable you can't get a job in this city."

Piercey denied making any threat and the board of officers likewise denied that any such statement was made. Fox steadfastly refused to resign. That afternoon upon returning to Piercey's office as ordered by him, Piercey handed Fox an order of discharge. Fox left the plaintiff's office with the order, but in a few minutes he returned and asked if it was too late to resign and have stopped the story which had been given to a Salt Lake City newspaper by the plaintiff concerning Fox's discharge. This story mentioned that Fox had admitted drinking and striking a woman neighbor after having been previously warned and disciplined for similar conduct. Piercey thereupon telephoned the newspaper, requesting that they change the story. A letter of resignation was then prepared which Fox signed. Later that afternoon Fox turned in his equipment issued to him by the fire department and since that time he has not reported for duty as a fireman.

The next day Fox consulted his attorney who prepared a letter addressed to Chief Piercey and the Board of City Commissioners which stated that Fox was withdrawing the letter of resignation which he had signed the preceding day. This letter of withdrawal was received by Chief Piercey on August 9, 1948. Meanwhile on August 6, Piercey had sent a letter to L. C. Romney, Commissioner of Public Safety, and the Board of City Commissioners, requesting that they accept Fox's resignation. On August 17, 1948, the Board of City Commissioners accepted Fox's resignation. Two days after this acceptance by the City Commission, Fox appealed to the Civil Service Commission of Salt Lake City from the actions of Piercey and the Board of City Commissioners in accepting his resignation from the fire department after they had been notified of the withdrawal of the resignation.

The Civil Service Commission on August 30 heard arguments of counsel for both sides upon the question of whether the Civil Service Commission had jurisdiction to hear the appeal of Fox. After taking the matter under advisement,

the commission on September 8th assumed jurisdiction of the appeal of Fox "from the removal by Chief Piercey" and it ordered Piercey to file with the Civil Service Commission and Fox his complaint of removal. Chief Piercey's response to the order stated that Fox was not "removed from his office or employment except by virtue of his own resignation" made and accepted by Piercey on August 6, and because Fox thus resigned from the fire department there were no specifications of complaint of removal to be made by Piercey. Fox answered Piercey's response by admitting his resignation, but asserted that the resignation was a nullity because it was obtained by duress and by threats of blasting Fox in the newspapers with unfavorable publicity; that he withdrew his resignation prior to its acceptance by the Board of City Commissioners or by any other body or person authorized to accept it; and that the actions of the City Commission in accepting his resignation after it was withdrawn was an attempted discharge and was intended as such.

The Civil Service Commission, hereinafter referred to simply as the Commission, set the matter for hearing on November 22, 1948, at which time evidence, both oral and written was taken. The plaintiff objected to the proceedings upon the ground that the Commission had no jurisdiction to hear the appeal. The Commission overruled the objection and thereupon the Commission directed Fox to proceed with his testimony. At the conclusion of Fox's evidence, and after he had rested, the plaintiff made a motion that the appeal be dismissed upon the ground that the Commission had no jurisdiction to entertain the appeal; also that the evidence did not show any overreaching as would vitiate the resignation tendered by Fox. This motion was denied.

On December 20, 1948, the Commission entered a decree ordering that Fox be restored to his employment as of August 6, 1948, by the plaintiff and the Board of City Commissioners, and that his letter of resignation be voided.

The Commission stated in its conclusions of law that Fox's letter of resignation was involuntarily signed by him when under the influence of duress and coercion; that his resignation was promptly voided by his letter of withdrawal sent to the plaintiff and the Board of City Commissioners; that the action of Piercey and the Board of City Commissioners in accepting the resignation of Fox after being fully informed of the withdrawal had no effect whatsoever on the employment status of Fox; and that the Civil Service Commission had jurisdiction over the matter under the general powers granted to it by statute giving the Commission the power to fully hear and determine the matter.

It is again urged in this court by the plaintiff that the Civil Service Commission had no jurisdiction to entertain the appeal of Fox because he was not discharged, but on the contrary, he resigned his position. On the other hand, it is argued by Fox that the Commission is empowered to entertain an appeal from a removal from office when that removal takes the form of a resignation obtained by the department head.

The Civil Service Commission derives its authority to hear appeals from Sec. 15-9-21 of Utah Code Annotated, 1943, which is as follows:

"All persons in the classified civil service may be *removed from office or employment* by the head of the department for misconduct, incompetency or failure to perform his duties or failure to observe properly the rules of the department, but subject to appeal by the aggrieved party to the civil service commission. Any person *discharged* may within five days from the issuing by the head of the department of the order *discharging* him *appeal therefrom* to the civil service commission, *which shall fully hear and determine the matter*. The discharged person shall be entitled to appear in person and to have counsel and a public hearing. The finding and decision of the civil service commission upon such hearing shall be certified to the head of the department from whose order the appeal is taken, and shall be final, and shall forthwith be enforced and followed by him." (Italics added.)

Rule 4-6 of the Civil Service Commission, promulgated pursuant to statute, provides:

"Any employee under civil service discharged by the appointing power of department wherein employed may within five days from the issuing by the appointing power of the order of discharge appeal therefrom to the Civil Service Commission."

It is apparent from the statute above quoted that the legislature contemplated giving the Civil Service Commission power to hear appeals only when presons in the classified civil service had been removed from their office or employment by the head of the department because of their misconduct, incompetency or failure to perform their duties or failure to observe properly the rules of the department. We held in *Vetterli* v. *Civil Service Commission,* 106 Utah 83, 145 F. 2d 792, that "remove from office" and "discharge" as used in that statute are synonymous expressions. It is also apparent that the commission when promulgating rule 4-6 had in mind that appeals would only lie from the discharge of an employee in civil service. Other rules promulgated by the Commission likewise express an intention on the part of that body to entertain appeals only when the appellant has been discharged. The statute and the rules and regulations of the Commission are silent on the matter of appeals from resignations.

In the instant case the Civil Service Commission did not have before it an appeal from an order of discharge. The notice of appeal filed by Fox stated:

"I, Harold Fox, appeal to this Commission from the actions of Fire Chief J. K. Piercey * * * and the Salt Lake City Board of Commissioners in accepting my resignation from the Fire Department * * * after my resignation had been withdrawn"

and notice thereof duly given. However, when the Civil Service Commission on September 8th assumed jurisdiction of the appeal it stated in its notice to the plaintiff that it was assuming jurisdiction of the appeal of Harold Fox

from the removal by Chief Piercey, but made no mention of the action of the City Commission in accepting Fox's resignation. When the hearing was held by the Commission on November 22nd, the Commission did not call upon the plaintiff to show his reasons for discharging Fox, but instead required Fox to proceed to sustain his claim that his resignation was procedure by duress and that it was withdrawn before accepted. In its finding of fact the Commission makes no finding that Fox was discharged and that the reasons for the discharge were insufficient. Instead it found that Fox's letter of resignation was involuntarily given while he was frightened and alarmed by and under the influence of fear, duress, and coercion caused and created by the statements of the plaintiff concerning the consequences to Fox and resultant publicity which Piercey stated would accompany the discharge.

It is evident from what has been said that the Civil Service Commission was without jurisdiction to hear and determine the appeal brought by Fox because he resigned and was not removed from office or employment. Nor after assuming jurisdiction of the appeal did the Commission confine itself to determining the sufficiency of the cause of the removal which we held in *Vetterli* v. *Civil Service Commission,* supra, was the scope of the inquiry power upon appeal conferred on the Commission by statute. The statute does not give the Commission the power or right to determine whether a person in the civil service who has resigned from his office or employment did so because of duress, coercion, or fear, brought upon him by the head of the department in which he is employed. The Civil Service Commission, like other tribunals of limited jurisdiction, can exercise only such powers as are conferred upon it by statute.

Counsel for Fox contend that if a department head can by obtaining a resignation from an officer or employee in his department, regardless of the method used in obtaining it, defeat an employee's right of appeal, he can exercise an

arbitrary power of dismissal over the personnel in his department and thus defeat and circumvent the purposes of the civil service act. We do not foresee that any such consequences will follow as the result of this decision. Simply because the legislature has not vested in the Civil Service Commission jurisdiction to entertain appeals from instances where a resignation is submitted because of fear or duress, or where a resignation is accepted after it has been withdrawn, does not leave the aggrieved officer or employee without a remedy. But he must seek that redress elsewhere. We express no opinion as to whether the threats allegedly made by Chief Piercey constitute duress as would vitiate Fox's resignation or whether his resignation was withdrawn before accepted by the proper authorities.

The decree of the Civil Service Commission ordering that Fox be restored to his employment as of August 6, 1948, and that his letter of resignation be voided is reversed. Costs to the plaintiff.

PRATT, C. J., and McDONOUGH, J., concur.

LATIMER, Justice (concurring in results).

I concur in the results.

It appears to me that the facts in this case might justify a conclusion that while Mr. Fox submitted a resignation, his removal from the department was in fact by discharge. If such an interpretation could be placed on the facts, then the acts of Chief Piercey could be reviewed by the Civil Service Commission, were it not for the fact that the employee's appeal was not taken in time. Assuming the Commission or this court were to find that Mr. Fox did not resign but was discharged on the 6th day of August, 1948, he did not appeal to the Civil Service Commission until the 19th day of August, 1948. The statute requires that appeal be taken within five days from the discharge.

The defendant Fox seeks to avoid the effect of this statute by contending that his discharge was not effective until accepted by the City Commission.

Section 15-9-21, U. C. A. 1943, provides as follows:

"All persons in the classified civil service may be removed from office or employment by the head of the department for misconduct, incompetency, or failure to perform his duties or failure to observe properly the rules of the department, but subject to appeal by the aggrieved party to the civil service commission. Any person discharged may within five days from the issuing by the head of the department of the order discharging him appeal therferom to the civil service commission, which shall fully hear and determine the matter. * * *"

From a cursory reading of this and related sections of the statutes, it appears that the legislature clearly intended to designate the Chief of Police and the Chief of the Fire Department as the department heads with this authority, and that the time for taking an appeal is determined by their acts.

WADE, J., concurs with the views expressed in the opinion of LATIMER, J.