**BURNS CHIROPRACTIC CLINIC,**
**Plaintiff and Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
**Defendant and Appellee.**

No. 920282–CA.

Court of Appeals of Utah.

April 21, 1993.

---

Richard J. Leedy, Salt Lake City, for plaintiff and appellant.

Jan P. Malmberg, Logan, for defendant and appellee.

Before BILLINGS, GREENWOOD and RUSSON, JJ.

## OPINION

BILLINGS, Presiding Judge:

Burns Chiropractic Clinic appeals the trial court's grant of Allstate Insurance Company's motion to dismiss. We reverse and remand for further proceedings consistent with this opinion.

## FACTS

The facts in this case are quite simple. Burns provided Kelly Bailey with health care services for injuries she received in an automobile accident. Bailey is insured by Allstate. Bailey assigned her right to receive payment under her insurance policy to Burns. Burns filed suit against Allstate to recover for the medical services it provided. Allstate filed a motion to dismiss which the trial court granted. Additionally, the trial court determined the action was without merit or brought in bad faith and granted Allstate attorney fees pursuant to Utah Code Ann. § 78-27-56 (1992).

Although the exact basis for the trial court's ruling is not clear, there seem to be three grounds on which the motion to dismiss was granted: (1) The court lacked subject matter jurisdiction; (2) Bailey could not assign her right of payment to Burns; and (3) Burns failed to utilize a medical arbitration board.

## SUBJECT MATTER JURISDICTION

■ A court must have subject matter jurisdiction to have the power and authority to decide a controversy. Without subject matter jurisdiction a court cannot proceed. *See Fauver v. Hansen*, 803 P.2d 1275, 1276 n. 3 (Utah App.1990). We review a lower court's determination of whether it has subject matter jurisdiction under a correction of error standard. *Id.* at 1276. Circuit courts are courts of limited jurisdiction. Utah Code Ann. § 78-4-2 (1992). Subject to limited exceptions, they are granted jurisdiction in civil matters of law or equity where the claim is less than $20,000. *Id.* § 78-4-7 (Supp.1993). The claim here is for less than $20,000 and none of the exceptions apply. Thus, the circuit court clearly has subject matter jurisdiction over this case.

■ The trial court reasoned that because the assignment does not recite the location of execution, delivery, or performance and is not notarized, plaintiff failed to establish jurisdiction. These issues, however, are irrelevant to a determination of subject matter jurisdiction.[1]

## ASSIGNMENT

■ On appeal, Allstate claims that a "no transfer" clause in the policy precludes Bailey from assigning her benefits to Burns. The trial court specifically held the contract "allows an insured to assign his reimbursement benefit for payment of reasonable and necessary medical expenses."

The clause Allstate bases its argument on provides the "policy can't be transferred to anyone without [Allstate's] written consent." This clause simply prohibits a transfer of the entire policy. It in no way limits the right of a beneficiary to assign the right to receive payment for medical services. The policy provides elsewhere, "Allstate will pay to or on behalf of an injured person...." This language clearly contemplates the possibility of an assignment of benefits to a medical service provider.

■ A beneficiary of an insurance policy may assign the expected benefits of that policy to a third-party. *See Culbertson v. Continental Assurance Co.*, 631 P.2d 906, 910 (Utah 1981) (finding beneficiary of life insurance policy may assign expectancy interest). Thus, we concur with the trial court that the policy allows an insured to assign the right to payment for services rendered.

The trial court also held Burns could only assert the same rights that Bailey could under the contract. *See* 4 Arthur L. Corbin, *Corbin on Contracts* § 868 at 468 (4th ed. 1951). This basic principle of contract law is uncontested by any party. The limi-

1. The question of location of execution of the contract can be an issue as to venue, but the complaint on its face establishes venue lies in the Third Circuit. *See* Utah Code Ann. § 78-13-4 (1992). In addition, there is no issue of personal jurisdiction over Allstate if for no other reason than its appearance and request for relief. *See Parry v. Ernst Home Center Corp.*, 779 P.2d 659, 661 (Utah 1989). Further, Allstate does not direct us to any common law or statutory authority requiring a notary witness an assignment of rights under a contract. Nor does the contract with Bailey contain such a requirement.

tation the trial court found on Bailey's rights that led the court to dismiss Burns's claim is unclear.

 The only argument put forth by Allstate in support of the trial court's ruling is that Bailey cannot sue Allstate directly for unreasonable and unnecessary medical expenses and thus Burns cannot sue Allstate for unreasonable and unnecessary medical expenses. This argument, however, begs the question of whether the expenses at issue are unreasonable and unnecessary. That question is one of fact which can only be determined at a hearing on the merits. Bailey must, of course, fulfill all her obligations under the contract, including submitting written notice and written proof of claim to Allstate as well as assisting Allstate in its defense of the action brought by Burns. The reasonableness and necessity of the expenses and whether Bailey has fulfilled her duties under the contract are determinations the trial court must make on remand.

## MEDICAL ARBITRATION

 Another reason given by the trial court for the dismissal was the availability of a medical panel to arbitrate Burns' claim. The trial court, however, misapplied Utah Code Ann. § 31A-22-307(2)(d) (1991) (current version at *id.* § 31A-22-307(2)(e) (Supp.1992)). That section provides:

> [A] court on its own motion or on the motion of either party *may* designate an impartial medical panel of not more than three licensed physicians to examine the claimant and *testify* on the issue of the reasonable value of the claimant's medical services or expenses.

*Id.* (emphasis added).

This statute provides no basis on which to dismiss a claim. It merely allows a court, in its discretion, to designate a panel of medical experts to testify at a hearing before the court on the issue of the reasonable cost of services. Plaintiff is not compelled to arbitrate a claim before a panel. Neither party filed a motion nor did the trial court refer the issue of expenses to a medical panel. This was clearly not a

ground for dismissal of plaintiff's complaint.

## ATTORNEY FEES

 The trial court granted attorney fees pursuant to Utah Code Ann. § 78-27-56 (1992). That section provides the court shall award attorney fees "if the court determines the action ... was without merit and not brought or asserted in good faith...." *Id.* Because we reverse the trial court on every ground on which it relied to dismiss Burns' claim, we also reverse the court's grant of attorney fees.

## CONCLUSION

Because we determine the trial court had subject matter jurisdiction, Bailey could assign her right to benefits under the contract, and the medical panel provisions of section 31A-22-307 were misinterpreted, we reverse and remand for proceedings consistent with this opinion. Further, because we reverse and remand we also reverse the trial court's award of attorney fees.

GREENWOOD and RUSSON, JJ., concur.