**BLAINE HUDSON PRINTING,**
Petitioner,

v.

**UTAH STATE TAX COMMISSION, and
Salt Lake County Commission,**
Respondents.

**No. 930709–CA.**

Court of Appeals of Utah.

March 1, 1994.

G. Blaine Davis (Argued), Midvale, for petitioner.

Jan Graham, State Atty. Gen., Joseph T. Dunbeck, Jr., Kelly W. Wright (Argued), Asst. Atty. Gen., Salt Lake City, for respondent Tax Commission.

David Yocum, Salt Lake County Atty., Bill Thomas Peters (Argued), Sp. Deputy County Atty., Parsons, Davies, Kinghorn & Peters, Salt Lake City, for respondent Salt Lake County.

Before ORME, Associate P.J., and DAVIS and JACKSON, JJ.

## OPINION

ORME, Associate Presiding Judge:

Petitioner Blaine Hudson Printing seeks review of the decision of the Utah State Tax Commission dismissing Hudson's appeal of the Salt Lake County Commission's refusal to refund property taxes previously paid by Hudson. We affirm the decision of the Tax Commission on jurisdictional grounds.

## FACTS

Blaine Hudson Printing paid its personal property taxes without protest from 1986 to 1990. Salt Lake County assessed Hudson's property taxes based on Hudson's own affidavits valuing the property. In 1990, Hudson discovered alleged errors in the affidavits it had submitted for the previous five years. As a result, Hudson sought a refund from the Salt Lake County Commission of taxes claimed to have been improperly paid as a result of misclassifications Hudson made in its affidavits. However, after a hearing, the County Commission determined that the taxes were not erroneously or illegally collected, and thus denied the refund request. Hudson then appealed the County Commission's decision to the Utah State Tax Commission, which, after a hearing on the matter, concluded that it lacked jurisdiction to consider Hudson's appeal. On appeal to this court, Hudson contends that the Tax Commission had jurisdiction to hear its appeal, and that if it did not, the lack of such an avenue for review violates Hudson's right to due process.

## SUBJECT MATTER JURISDICTION

Both courts and quasi-judicial administrative agencies, such as the Tax Commission, must have subject matter jurisdiction to validly decide a controversy. *Burns Chiropractic Clinic v. Allstate Ins. Co.*, 851 P.2d 1209, 1211 (Utah App.1993); *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah App.1989). "Therefore, the initial inquiry of any [adjudicative body] should always be to determine whether the requested action is within its jurisdiction." *Lamoreaux*, 767 P.2d at 570. Without subject matter jurisdiction, the court or agency lacks the power to do anything beyond dismissing the proceeding. *See Burns*, 851 P.2d at 1211; *Lamoreaux*, 767 P.2d at 570. Whether jurisdiction exists presents a question of law, which we review for correctness. *Burns*, 851 P.2d at 1211.

Hudson claims that the Tax Commission is authorized to hear its appeal from the County Commission's refusal to refund a certain portion of Hudson's taxes for the years 1986–90.[1] Hudson admits, however, that no

---

1. Hudson also argues that the Tax Commission should not have dismissed its case without an evidentiary hearing, and that the Tax Commission had the authority to substitute its judgment

statute specifically authorizes such an appeal. Rather, Hudson argues that such jurisdiction is implied from the nature of the Tax Commission and its general powers and duties. We disagree.

A taxpayer faced with an allegedly erroneous assessment ordinarily has two statutory methods of challenging the ensuing tax. First, Utah Code Ann. §§ 59–2–1004, –1005 (1992) provide that the taxpayer can file an administrative appeal with the County Board of Equalization. Second, Utah Code Ann. § 59–1–301 (1992) authorizes the taxpayer to pay under protest and seek to recover the tax paid in an action brought in district court. In either case, the county is on notice that the assessment and tax are being challenged and, in both cases, the taxpayer has an explicit right to appeal an unfavorable decision. In the case of the Board of Equalization, an appeal lies with the Tax Commission, *see* Utah Code Ann. § 59–2–1006(1) (1992), with judicial review then available. *See* Utah Code Ann. § 78–2–2(3)(e)(ii) (Supp.1993). As to refund actions brought in district court, an appeal may be filed in the Supreme Court. *See id.* § 78–2–2(3)(j).

Where, as in the present case, the taxpayer pays without fuss and later claims the tax was excessive and that a refund should be forthcoming, Utah law is not so accommodating. The taxpayer's only apparent recourse is found in Utah Code Ann. § 59–2–1321 (1992). Section 59–2–1321 provides that if a county commission determines that the taxes were "erroneously or illegally collected," then it "may" order a refund. *Id.* However, the statute does not provide for an appeal of the county commission's discretionary decision. *See id.*

Hudson claims that the Tax Commission's jurisdiction to hear such an appeal is implied by Utah Code Ann. § 59–1–210 (1992), which describes the general powers and duties of the Tax Commission. Hudson argues that the following sections point to the existence of such an implied power:

(3) to adopt rules and policies consistent with the Constitution and laws of the state, to govern county boards and officers in the performance of any duty relating to assessment, equalization, and collection of taxes;

. . . . .

(5) to administer and supervise the tax laws of the state;

. . . . .

(7) to exercise general supervision over assessors and county boards of equalization, and over other county officers in the performance of their duties relating to the assessment of property and collection of taxes, so that all assessments of property are just and equal, according to fair market value, and the tax burden is distributed without favor or discrimination;

. . . . .

(9) to confer with, advise, and direct county treasurers, assessors, and other county officers in matters relating to the assessment and equalization of property for taxation and the collection of taxes[.]

*Id.*

■ While these statutory provisions give the Tax Commission general supervisory and advisory powers over county tax collection functionaries, they do not confer jurisdiction to hear appeals from their decisions. The Tax Commission, while created by constitutional mandate, is limited in its power and scope by the Legislature. *See* Utah Const. art. XIII, § 11. According to the Utah Constitution, it is only "[u]nder such regulations in such cases and within such limitations as the Legislature may prescribe, [that the Tax Commission] shall review proposed bond issues, revise the tax levies of local governmental units, and equalize the assessment and valuation of properties within the counties." *Id.*

The Constitution further provides that

[i]n each county of this State there shall be a County Board of Equalization consisting

for that of the County Commission in deciding whether to refund the taxes in question. However, neither claim can be reached absent an initial determination of jurisdiction. Since we con-

clude that the Tax Commission did not have jurisdiction to hear Hudson's appeal, there is no reason to address arguments which assume the existence of such jurisdiction.

of the Board of County Commissioners of said county. The County Boards of Equalization shall adjust and equalize the valuation and assessment of the real and personal property within their respective counties, subject to such regulation and control by the State Tax Commission *as may be prescribed by law.* The State Tax Commission and the County Boards of Equalization shall each have such other powers *as may be prescribed by the Legislature.*

*Id.* (emphasis added). Thus, while the Utah Constitution establishes both the Tax Commission and the County Boards of Equalization, the power and scope of these agencies is left to the Legislature to define. Accordingly, absent such legislative empowerment, the Tax Commission is not authorized to hear appeals from local agency decisions.

The Legislature has demonstrated that it can unambiguously confer jurisdiction on the Tax Commission when it so desires. For example, the Legislature specifically gives the Tax Commission jurisdiction to review the local taxing authorities' assessment decisions if an appeal is filed within 30 days. *See* Utah Code Ann. § 59–2–1006(1) (1992); *id.* § 59–2–1004(4) (real property); *id.* § 59–2–1005(4) (personal property). In addition, the Legislature has given the Tax Commission the authority to review exemption decisions. *See id.* § 59–2–1102(7). In contrast, section 59–2–1321, giving county commissions the discretion to refund taxes, does not provide for an appeal to the Tax Commission.

We also disagree with Hudson's claim that such jurisdiction is implied from the Tax Commission's general powers and duties. In the absence of a specific statutory grant, the Tax Commission simply does not have jurisdiction to conduct appellate review of the County Commission's decision. *See DeBry v. Salt Lake County Bd. of Appeals,* 764 P.2d 627, 628 (Utah App.1988).

## DUE PROCESS

Nor does the lack of an opportunity for appeal to the Tax Commission constitute a deprivation of due process, as Hudson alternatively contends. First, the due process clause does not ordinarily guaranty any right of appeal. *Ortwein v. Schwab,* 410 U.S. 656, 660, 93 S.Ct. 1172, 1174, 35 L.Ed.2d 572 (1973) (per curiam). *See also Debry,* 764 P.2d at 627–28 (no "inherent right" to direct appeal from agency decision). Second, the Tax Commission's inability to hear Hudson's appeal does not mean Hudson was foreclosed from all opportunity for review of the County Commission's decision. Hudson could have sought relief in the district court. *See, e.g., Debry,* 764 P.2d at 628 n. 3 (remedies exist for arbitrary or unlawful local agency action even absent statutory review); *Davis County v. Clearfield City,* 756 P.2d 704, 707 (Utah App.) (review available by "traditional means" of extraordinary writ), *cert. denied,* 765 P.2d 1278 (Utah 1988). Therefore, Hudson was not denied due process of law by the lack of a direct appeal from the County Commission's decision to the Tax Commission.

## CONCLUSION

The Tax Commission properly dismissed Hudson's appeal of the County Commission's refusal to refund certain tax monies paid by Hudson. Because the Tax Commission had no statutory grant of jurisdiction to hear Hudson's appeal, it had no choice but to dismiss the case. Accordingly, we affirm the Tax Commission's decision.

DAVIS and JACKSON, JJ., concur.