**Daniel F. HARMON, Michael G. Bick, and Mary A. Folkman, Petitioners,**

v.

**OGDEN CITY CIVIL SERVICE COMMISSION, Respondent.**

No. 930802–CA.

Court of Appeals of Utah.

Feb. 9, 1995.

Before DAVIS, GREENWOOD and JACKSON.

·OPINION

DAVIS, Associate Presiding Judge:

Daniel F. Harmon, Michael G. Bick, and Mary A. Folkman petition for review of the Ogden City Civil Service Commission's (Commission) determination that it did not have jurisdiction to hear their appeals regarding step classifications and annual review timetables. We affirm.

FACTS

Petitioners Harmon and Bick were both promoted to the position of Fire Captain, Step Four in March 1991 and May 1992, respectively. Neither has paramedic training. Their grievances (two filed by Bick and one by Harmon) concern various pay issues, primarily the promotions of two individuals with paramedic training to the position of Fire Captain at a higher step level than theirs. They contend that paramedic training should not warrant higher compensation. Their requests for relief were denied by their department head and they appealed to the Commission.

The two Bick grievances and the Harmon grievance were consolidated for hearing by the Commission. Following the hearing, the Commission entered an order dismissing the grievances because it did not have jurisdiction "over the pay issues raised in the grievances."

Petitioner Folkman, a Range 21, Step 1 Ogden Police Department Records Clerk, requested relief from her department head in October 1993. She contended that the new compensation plan and pay schedule adopted by Ogden City effective July 1, 1993 is inequitable, notwithstanding the fact that the new schedule resulted in an increase in her salary. The plan provides for step increases following annual reviews held on or near the anniversary date of original employment. In Folkman's case, the annual review is held in May. Folkman claims that this system unfairly permits other Range 21, Step 1 employees with anniversary dates between July and May to obtain earlier review dates, and

Frank S. Warner, Ogden, for petitioners.

Stanley J. Preston and Richard A. Van Wagoner, Snow, Christensen & Martineau, Salt Lake City, for respondent.

hence potential step increases, despite lesser seniority. Folkman's department head denied her request for relief and she appealed to the Commission.

The Commission determined it did not have jurisdiction to hear Folkman's appeal, citing its earlier decision in the Harmon and Bick matters. Specifically, the Commission concluded, "Nothing in the Utah Code, Ogden City Ordinances or Civil Service Commission Rules and Regulations confers jurisdiction upon the Commission to resolve city-wide general pay schedule and compensation plan issues."

The petitions of Harmon, Bick, and Folkman have been consolidated for review by this court.

## STANDARD OF REVIEW

■ An agency's determination of subject matter jurisdiction is a question of law, which we review for correctness. *Blaine Hudson Printing v. State Tax Comm'n,* 870 P.2d 291, 292 (Utah App.1994) (citing *Burns Chiropractic Clinic v. Allstate Ins. Co.,* 851 P.2d 1209, 1211 (Utah App.1993)); *accord Lopez v. Career Serv. Review Bd.,* 834 P.2d 568, 571 (Utah App.) (citing *Department of Social Servs. v. Vijil,* 784 P.2d 1130, 1132 (Utah 1989)), *cert. denied,* 843 P.2d 1042 (Utah 1992).

## ANALYSIS

Petitioners argue that the Commission has taken an inappropriately narrow view by excluding appeals concerning pay issues from its jurisdiction. Petitioners concede that the terms "pay" or "compensation" are not found in the enabling legislation, but contend that "[t]he conclusion is inescapable that in keeping with the purpose of civil service laws in general, the Utah State Legislature has attempted to empower the mandated civil service commissions to exercise broad authority over the civil service."

■ In determining the scope of the Commission's jurisdiction, we begin with the premise that the Commission is a creature of statute and "can exercise only such powers as are conferred upon it by statute." *Piercey v. Civil Serv. Comm'n of Salt Lake City,*

116 Utah 135, 208 P.2d 1123, 1126 (1949). The Commission is authorized to hear appeals from certain decisions of department heads by Utah Code Ann. § 10–3–1012 (1992). This statute provides:

> Any person [in the classified civil service] *suspended or discharged* may, within five days from the issuance by the head of the department of the order suspending or discharging him, appeal to the civil service commission, which shall fully hear and determine the matter.

*Id.* (emphasis added). In determining the meaning of this statute, "we look first to the plain language." *K & T, Inc. v. Koroulis,* 254 Utah Adv.Rep. 3, 4 (Utah 1994). "[W]e assume that 'each term in the statute was used advisedly; thus the statutory words are read literally, unless such a reading is unreasonably confused or inoperable.'" *Id.* (quoting *Savage Indus., Inc. v. State Tax Comm'n,* 811 P.2d 664, 670 (Utah 1991) (superseded by statute)). Finally, "courts are not to infer substantive terms into the text that are not already there. Rather, the interpretation must be based on the language used, and the court has no power to rewrite the statute to conform to an intention not expressed." *Berrett v. Purser & Edwards,* 876 P.2d 367, 370 (Utah 1994) (citations omitted).

■ Giving ordinary meaning to its terms, we conclude that the statute plainly states that the Commission is authorized to hear appeals resulting only from either suspension or discharge. The Ogden City Civil Service Commission Rules and Regulations has interpreted the statute accordingly, limiting appeals to instances where a regular employee in the classified service is "removed from office or employment for misconduct, incompetency, failure to preform [sic] his duties, or failure to observe properly the rules of the department or who is adversely affected by the administration of these Rules or other City policies and rules." Ogden City Civil Service Commission Rules and Regulations, Rule 8–4. Therefore, neither the statute nor the Ogden City Rules and Regulations authorizes appeals from pay disputes even if the

petitioners had been negatively impacted by their promotions and salary increases.

Moreover, while there is no recent precedent regarding the interpretation of section 10–3–1012, the Utah Supreme Court has interpreted the predecessor to this statute, Utah Code Ann. § 15–9–21 (1943), very strictly. *See Piercey,* 208 P.2d at 1126. Former section 15–9–21 authorized appeals to the Commission in the case of "discharge" from the classified civil service. The court interpreted this statute to mean that the appeals were authorized *only* in the case of discharge and, accordingly, no appeal could lie from resignations. *Id.* Because section 10–3–1012 is virtually identical to section 15–9–21, except for the added authorization of an appeal in the case of suspension, *Piercey*'s holding is dispositive and binding on this court. Accordingly, the Commission does not have authorization to hear appeals regarding pay issues.[1]

Finally, petitioners claim that the legislature has demonstrated its intent that civil service commissions have broad jurisdiction over employee appeals with the adoption of the County Fire Civil Service Council. *See* Utah Code Ann. §§ 17–28–1 to –14 (Supp. 1994). This organization is expressly authorized to implement "equitable and adequate job classification and compensation systems, including pay and benefits programs." *Id.* § 17–28–2.6(2).

In essence, petitioners ask this court to read a comparable provision into the statutory scheme at bar. However, section 17–28–2.6 illustrates the legislature's willingness to *unambiguously* include pay issues within the jurisdiction of some civil service commissions. It follows that the complete absence of such provisions in the legislation establishing the Commission indicates that the legislature did not intend to include them.

## CONCLUSION

Basic rules of statutory construction together with case law demonstrate that the Commission's authority to hear appeals is quite narrowly circumscribed. "Pay issues" are not grounds for appeal, nor may they be implied. Accordingly, we affirm the Commission's ruling that it lacked jurisdiction to hear petitioners' appeals.

GREENWOOD and JACKSON, JJ., concur.

---

1. Petitioners argue that while the Commission may not be expressly empowered to hear appeals regarding pay issues, it *impliedly* has these powers. Petitioners correctly note that an agency "has such implied powers as are reasonably necessary to effectuate its express powers or duties."

*Bennion v. ANR Prod. Co.,* 819 P.2d 343, 350 (Utah 1991) (citations omitted). However, the Commission has no *express* powers regarding pay issues; therefore, there can be no corresponding implied powers.