Daniel F. HARMON, Michael G. Bick,
and Mary A. Folkman,
Petitioners,

v.

OGDEN CITY CIVIL SERVICE
COMMISSION, Respondent.

No. 950152.

Supreme Court of Utah.

May 24, 1996.

Erik Strindberg, Ralph E. Chamness, Salt Lake City, for petitioners.

Stanley J. Preston, Richard A. Van Wagoner, Salt Lake City, and Frederick Froerer, III, Ogden, for respondent.

DURHAM, Justice:

Daniel F. Harmon, Michael G. Bick, and Mary A. Folkman petitioned for review of a decision of the Utah Court of Appeals in *Harmon v. Ogden City Civil Service Commission*, 890 P.2d 4 (Ct.App.), *cert. granted*, 899 P.2d 1231 (Utah 1995), holding that the Ogden City Civil Service Commission (Commission) did not have jurisdiction to hear appeals regarding pay scale step classifications and annual review timetables. Upon reviewing the court of appeals' opinion, the briefs to this court, and the presentations made at oral argument, we find ourselves in substantial agreement with the court of appeals' opinion and affirm on the grounds stated therein.

Petitioners Harmon and Bick are members of the Ogden City Fire Department. Both were promoted to the position of fire captain—Harmon in March of 1991 and Bick in May of 1992—and placed at step four on the city pay scale. Sometime between the two promotions, a third employee was also promoted to the position of fire captain, but because of his paramedic training, he was placed at step seven of the pay scale. Harmon and Bick filed grievances (Harmon filed one and Bick filed two) contending that paramedic training should not warrant higher compensation.[1] Their department head denied their requests for relief, and they appealed to the Commission. Following a hearing, the Commission entered an order dismissing the appeals, ruling that it did not have jurisdiction to hear grievances concerning "pay issues."

Petitioner Folkman is an Ogden Police Department records clerk. She filed a grievance contending that the City's new compensation plan and pay schedule, effective July 1, 1993, was inequitable. Folkman claims that this new system allowed employees with less seniority but earlier review dates to receive step increases prior to her. Her department head denied her request for relief, and she appealed to the Commission. Citing its earlier decision in the Harmon and Bick matters, the Commission determined that it did not have jurisdiction to hear Folkman's appeal.

In upholding the Commission's decision that it lacked jurisdiction, the court of appeals focused on section 10-3-1012 of the Utah Code:

> Any person [in the classified civil service] *suspended or discharged* may, within five days from the issuance by the head of the department of the order suspending or discharging him, appeal to the civil service

---

1. Bick's second grievance involved a different employee but was likewise based on the department's pay preference for employees with paramedic training.

commission, which shall fully hear and determine the matter.

(Emphasis added.) The court of appeals held that this section authorizes the Commission to hear appeals only in cases of suspension or discharge. *Harmon*, 890 P.2d at 6–7. The court of appeals then cited *Piercey v. Civil Service Commission*, 116 Utah 135, 208 P.2d 1123, 1126 (1949), where we held that the predecessor to section 10–3–1012 should be interpreted narrowly to allow for appeals only in the case of discharge.[2] We granted certiorari.

■ An agency's determination of its subject matter jurisdiction is a question of law, which we review for correctness. *Department of Social Servs. v. Vijil*, 784 P.2d 1130, 1132 (Utah 1989); *Blaine Hudson Printing v. State Tax Comm'n*, 870 P.2d 291, 292 (Utah.Ct.App.1994).

■ Because the Commission is a statutorily created body, it may exercise only "such powers as are conferred upon it by statute." *Piercey*, 208 P.2d at 1126. At issue is the Commission's ability to hear appeals from certain department head decisions. As the court of appeals stated, section 10–3–1012 specifically addresses this issue and states that appeals to the Commission are available in cases of discharge or suspension. *Harmon*, 890 P.2d at 6–7. Petitioners, however, contend that when the Utah Municipal Code, Utah Code Ann. §§ 10–3–1001 to –1312, is read as a whole, it is apparent that the legislature did not intend to limit appeals to instances of suspension or discharge. Their argument is based in part on section 10–3–1006 of the Utah Code, which sets forth the following mandate:

The civil service commission shall make all necessary rules and regulations to carry out the purposes of this part and for examinations, appointments and promotions.

Petitioners argue that this and other sections describing the Commission's duties are rendered meaningless if the Commission's jurisdiction over appeals is limited to suspension and discharge. They argue that the Commission will have no power to enforce the rules and regulations it has created and that the legislature would not have given the Commission such broad authority without accompanying enforcement powers.

Petitioners' argument reads too much into the Utah Municipal Code and ignores the plain language of section 10–3–1012. We hold, as did the court of appeals, that section 10–3–1012 allows for appeals to the Commission *only* in cases of discharge or suspension. This accords with our holding in *Piercey*, that the statutory grant of jurisdiction to civil service commissions to hear appeals concerning employee grievances should be interpreted narrowly.[3]

In fact, following our decision in *Piercey*, the legislature amended and recodified the predecessor to section 10–3–1012 to allow the Commission to hear appeals, not only in cases of discharge, but also in cases of suspension. If the legislature had also intended to give the Commission jurisdiction to hear appeals concerning pay issues, it could have explicitly done so at that time. Furthermore, as the court of appeals stated, the legislature has drafted explicit and unambiguous provisions giving some civil service commissions jurisdiction to hear appeals regard-

---

**2.** *Piercey* interprets Utah Code Ann. § 15–9–21 (1943), which allowed for appeals in cases of discharge. Section 10–3–1012 is virtually identical to the former section, except for the added authorization of an appeal in cases of suspension.

**3.** Petitioners contend that we should construe section 10–3–1012 broadly under our holding in *State v. Hutchinson*, 624 P.2d 1116, 1126 (Utah 1980). In *Hutchinson*, we stated that the general welfare clause in Utah Code Ann. § 17–5–77 (1953) (renumbered as Utah Code Ann. § 17–5–263), should be construed broadly to allow local governments flexibility. We noted that when the state grants general welfare power to local governments, "those governments have independent

authority apart from, and in addition to, specific grants of authority to pass ordinances which are reasonably and appropriately related to the objectives of that power." *Id.* We then concluded that broad construction of these powers is consistent with the current needs of local government. *Id.* The rationale behind *Hutchinson*, however, does not apply to the Commission, which is not a municipal entity with broad independent authority but rather a statutorily created body with only those *specific powers* outlined in its enabling statute. Accordingly, we find no support in *Hutchinson* for petitioners' argument that we should construe the Utah Municipal Code broadly to give the Commission jurisdiction to hear petitioners' appeals.

ing pay issues. Thus, "[i]t follows that the complete absence of such provisions in the legislation establishing the Commission indicates that the legislature did not intend to include them." *Harmon,* 890 P.2d at 7.

■ In conclusion, we hold that the Commission lacks the explicit or implicit jurisdiction to hear appeals concerning pay issues. We note, however, that this does not deprive petitioners of a forum for redress. If petitioners wish to seek further review of their grievances, they may have them processed pursuant to the city's specified grievance procedure for classified employees. *See* Ogden City Civil Service Commission Rules and

Regulations, rule 10–11. The decision of the court of appeals is affirmed.[4]

ZIMMERMAN, C.J., and HOWE and RUSSON, JJ., concur.

STEWART, Associate C.J., concurs in the result.

4. On certiorari to this court, petitioner Harmon raises, for the first time, a separate argument concerning his grievance. He claims that under the City's prior form of government (on January 6, 1992, Ogden changed from a Charter form of government to a Mayor/Council form), the Commission had jurisdiction to hear appeals concerning pay issues. He next claims that because his grievance arose prior to the change in government and because the City specifically "saved" grievances arising prior to the change, the Commission has jurisdiction to hear his appeal. However, because this issue was not raised at the Commission hearing or presented to the court of appeals, we will not address it here. *See DeBry v. Noble,* 889 P.2d 428, 444 (Utah 1995) ("Issues not raised in the court of appeals may not be raised on certiorari unless the issue arose for the first time out of the court of appeals' decision.").