500 P.2d 1316

KENNECOTT COPPER CORPORATION, Appellant,

v.

ENVIRONMENTAL IMPROVEMENT BOARD, Appellee.

No. 751.

Court of Appeals of New Mexico.

Aug. 25, 1972.

Ben Shantz, Hilton A. Dickson, Shantz, Dickson & Young, Silver City, for appellant.

David L. Norvell, Atty. Gen., Theodore E. Jones II, Agency Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

This is an appeal from an amendment to Air Quality Control Regulation 201. On our own motion we dismiss the appeal for lack of jurisdiction. See State v. Mc-Necce, 82 N.M. 345, 481 P.2d 707 (Ct. App.1971).

In 1970, the New Mexico Health and Social Services Board (HSSB) adopted Regulation 201. This regulation, among other things, set maximum allowable concentrations of sulfur dioxide in the ambient air. An amendment to this regulation was proposed, and a public hearing on the proposed amendment was held May 14, 1971. HSSB adopted the proposed amendment, without change, on June 26, 1971. The appeal of Kennecott Copper Corpora-

tion challenges that part of the amendment which reduces the maximum allowable concentrations of sulfur dioxide in the ambient air.

Authority for air quality control regulations was established by the Air Quality Control Act, enacted as Laws 1967, ch. 277, and amended by Laws 1970, ch. 58. The action of HSSB in adopting the amendment to Regulation 201 on June 26, 1971, was under the Air Quality Control Act as it existed after the 1970 amendments.

As originally enacted in 1967, section 7 of the 1967 law [compiled as § 12–14–7, N. M.S.A.1953 (Repl.Vol. 3)], provided that a person ". . . affected by a regulation adopted by the board may appeal to the court of appeals for further relief. . . ." See Wylie Bros. C. C. v. Albuquerque-Bernalillo C.A.C.B., 80 N.M. 633, 459 P.2d 159 (Ct.App.1969). This section was repealed by Laws 1970, ch. 58, § 13. The only provision in the Air Quality Control Act, as it existed after the 1970 amendments, which referred to the Court of Appeals, is Laws 1970, ch. 58, § 8. [See § 12–14–11, N.M.S.A.1953 (Repl.Vol. 3, Supp.1971) as it existed prior to amendment in 1971]. That section is concerned with enforcement of regulations, provides for trials in the district courts, and appeals to the Court of Appeals from final judgments of district courts.

The Air Quality Control Act, after the 1970 amendments, did provide a method for judicial review of regulations. Laws 1970, ch. 58, § 11 [§ 12–14–12.2, N.M.S.A. 1953 (Repl.Vol. 3, Supp.1971)] provides: ". . . the validity or applicability of a regulation of the board [HSSB—see Laws 1970, ch. 58, § 1] may be determined in an action for a declaratory judgment. . . ." This section states ". . . [a]ny person . . . may file the action. . . ." "Person" is defined to include corporations. Section 12–14–2, N.M.S.A. 1953 (Repl.Vol. 3, Supp.1971).

The Court of Appeals has no original jurisdiction; its authority to re-

view decisions of administrative agencies is as provided by law. N.M.Const. Art. VI, § 29; § 16–7–8, N.M.S.A.1953 (Repl.Vol. 4). Nothing in the Air Quality Control Act, as it existed after the 1970 amendments, authorized a direct appeal to this court; thus, this court was without jurisdiction to review the amended regulation unless jurisdiction in this court was conferred by laws enacted in 1971.

Laws 1971, ch. 277, §§ 1–13, inclusive, were designated by the Legislature as the Environmental Improvement Act. Laws 1971, ch. 277, § 1. An environmental improvement board was established with authority to promulgate regulations in the field of air quality management. See §§ 12–19–3, 12–19–5 and 12–19–11, N.M.S.A. 1953 (Repl.Vol. 3, Supp.1971). Appeals to the Court of Appeals are authorized. Section 12–19–13, N.M.S.A.1953 (Repl.Vol. 3, Supp.1971). The Environmental Improvement Act did not go into effect until July 1, 1971. Laws 1971, ch. 277, § 54. Thus, when the amendment to Regulation 201 was adopted by HSSB on June 26, 1971, § 12–19–13, supra, did not authorize an appeal to this court—because the Environmental Improvement Act was not in effect.

A provision in the Air Quality Control Act, as it existed after the 1970 amendments, provided that a regulation did not go into effect until thirty days after its filing as provided in the State Rules Act. Laws 1970, ch. 58, § 5 compiled as § 12–14–6, N.M.S.A.1953 (Repl.Vol. 3, Supp. 1971). Kennecott asserts, and the Environmental Improvement Board does not contradict, that the amendment adopted by HSSB on June 26, 1971, was properly filed on July 1, 1971. Thus, the amendment to Regulation 201 would be effective July 31, 1971. At the time the amendment went into effect, the law establishing the Environmental Improvement Act was also in effect.

Since the Environmental Improvement Act provides for appeals to this court, and since that Act was in effect when the challenged amendment became effective, isn't Kennecott's appeal authorized by § 12–19–13, supra? No. The appeals authorized are appeals from regulations adopted "by the board" and "board" is defined as the Environmental Improvement Board. Sections 12–19–13(F) and 12–19–3, supra. Regulations adopted by HSSB are continued in effect by § 12–19–12, N.M.S.A.1953 (Repl.Vol. 3, Supp.1971), but nothing in Laws 1971, ch. 277, §§ 1–13, inclusive, authorizes appeals to the Court of Appeals from regulations adopted by HSSB. Compare Riddle v. Board of Education, 78 N. M. 631, 435 P.2d 1013 (Ct.App.1967).

Certain sections of the Air Quality Control Act were amended by Laws 1971, ch. 277, §§ 20, 21, 22, 23, 24 and 25. See §§ 12–14–2, 12–14–3, 12–14–4, 12–14–9, 12–14–11 and 12–14–12, N.M.S.A.1953 (Repl.Vol. 3, Supp.1971). None of these amendments authorized an appeal to this court from regulations adopted by HSSB.

There is one more 1971 law to be considered. Laws 1971, ch. 57, § 1 authorized appeals to this court from a denial of a request for a variance from a regulation. See § 12–14–8.1, N.M.S.A.1953 (Repl.Vol. 3, Supp.1971). No requested variance from a regulation is involved in Kennecott's appeal.

Kennecott was not without a judicial remedy to test the validity of the amended regulation. The remedy was either by declaratory judgment under § 12–14–12.2, supra, or by petition to the District Court for writ of certiorari. Roberson v. Board of Education of City of Santa Fe, 78 N.M. 297, 430 P.2d 868 (1967). However, the remedy sought in this case, an appeal directly to this court, was not authorized during the time periods involved. The appeal is dismissed for lack of jurisdiction.

It is so ordered.

HENDLEY and COWAN, JJ., concur.