572 P.2d 550

**TAOS SKI VALLEY WATER AND SANITATION DISTRICT and Twining Cooperative Domestic Water and Sewer Association, Appellants,**

v.

**NEW MEXICO WATER QUALITY CONTROL COMMISSION, Appellee.**

No. 2943.

Court of Appeals of New Mexico.

Dec. 6, 1977.

John A. Mitchell and James S. Rubin, Mitchell, Mitchell, Alley & Morrison, Santa Fe, for appellants.

Toney Anaya, Atty. Gen., Bruce S. Garber, Louis W. Rose, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

SUTIN, Judge.

Plaintiffs appealed "from the *Water Quality Standards* for Interstate and Intrastate Streams in New Mexico purportedly adopted by the New Mexico Water Quality Control Commission on or about February 8, 1977 and filed in the State Commission of Public Records and Archives on or about February 24, 1977, a copy of which Standards are attached hereto as Exhibit 'A'." [Emphasis added].

Plaintiffs' appeal is misplaced. Section 75–39–6(A), N.M.S.A.1953 (Repl. Vol. 11, pt. 2, 1975 Supp.) provides:

Any person who is or may be affected by *a regulation* adopted by the commission may appeal to the court of appeals for further relief. [Emphasis added].

No right of appeal exists from the adoption of "standards" by the commission.

In *Kennecott Copper Corp. v. Environmental Improve. Bd.,* 84 N.M. 193, 500 P.2d 1316 (Ct.App.1972), Kennecott directly appealed to this Court from an amendment to Air Quality Control Regulation 201 adopted by the Environmental Improvement Board under the Air Quality Control Act. Section 12–14–1, et seq., N.M.S.A.1953 (Repl. Vol. 3, pt. 1).

Section 12–14–8.1(A) provided:

Any person to whom the board denies a variance, after a hearing, may appeal to the court of appeals.

No requested variance from a regulation was involved in Kennecott's appeal.

The court said:

The Court of Appeals has no original jurisdiction; its authority to review decisions of administrative agencies is as provided by law. N.M.Const. Art. VI, § 29; § 16–7–8, N.M.S.A.1953 (Repl. Vol. 4). Nothing in the Air Quality Control Act . . . authorized a direct appeal to this court; thus, this court was without jurisdiction to review the amended regulation unless jurisdiction in this court was conferred by laws enacted in 1971. [84 N.M. at 194, 500 P.2d at 1317].

Jurisdiction was not conferred and the case was dismissed for lack of jurisdiction.

This appeal is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.