581 P.2d 1299

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Pedro MARTINEZ, Gilbert Martinez and
Ricky Martinez, Defendants-Appellees.**

No. 3545.

Court of Appeals of New Mexico.

July 11, 1978.

Toney Anaya, Atty. Gen., Robert G. Sloan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. Appellate Defender, Roger Bargas, Asst. District Defender, Santa Fe, for defendants-appellees.

OPINION

WOOD, Chief Judge.

Were defendants charged under the applicable statute? This issue involves Count I of the indictment which charged arson of an automobile having a value in excess of $1,000, in violation of § 40A–17–5, N.M.S.A.

1953 (2d Repl.Vol. 6). Defendants moved to dismiss. The motion alleged § 40A–17–5, supra, was inapplicable because a "general statute defining the crime of Arson" and that a specific statute was applicable. The asserted specific statute was § 64–9–6, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2). The trial court granted the motion to dismiss, the State appealed, we reverse.

 The rule that the specific statute prevails over the general is stated in *State v. Blevins,* 40 N.M. 367, 60 P.2d 208 (1936).

The pertinent portions of § 64–9–6, supra, read:

Any person who shall individually or in association with one or more others:

\* \* \* \* \* \*

(d) Purposely destroys any part of a motor vehicle or purposely cuts, mashes, marks or in any other way destroys or damages any part, attachment, fastening or appurtenance of a motor vehicle, without the permission of the owner thereof;

. . .

Shall be guilty . . ..

The pertinent portions of § 40A–17–5, supra, read:

A. Arson consists of maliciously or willfully starting a fire or causing an explosion with the purpose of destroying or damaging any building, occupied structure or property of another . . ..

\* \* \* \* \* \*

C. As used in this section, "occupied structure" includes a boat, trailer, car, airplane, structure or place adapted for the transportation or storage of property or for overnight accommodations of persons or for carrying on business therein, whether or not a person is actually present.

Section 64–9–6, supra, applies to automobiles; paragraph C makes § 40A–17–5, supra, apply to automobiles. Section 64–9–6(d), supra, is a general statute directed to destroying or damaging an automobile. Section 40A–17–5, supra, is a specific statute directed to destroying or damaging an automobile by fire or explosion. Section 40A–17–5, supra, being more specific, is the applicable statute. In so holding, we have not considered the fact that § 40A–17–5, supra, requires a malicious or willful act and § 64–9–6(d), supra, does not. See *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

 The claim that the trial court erred in dismissing Count II of the indictment was not briefed and is deemed abandoned. *State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977).

The order of the trial court dismissing Count I of the indictment is reversed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.