693 P.2d 1273

STATE of New Mexico, ex rel. DEPART-
MENT OF HUMAN SERVICES,
Plaintiff-Appellee,

v.

Dominick MANFRE,
Defendant-Appellant.

No. 8085.

Court of Appeals of New Mexico.

Dec. 20, 1984.

Paul Bardacke, Atty. Gen., Santa Fe, E. Carrell Ray, Asst. Atty. Gen., Dept. of Human Services, Albuquerque, for plaintiff-appellee.

Dominick Manfre, pro se.

## OPINION

DONNELLY, Chief Judge.

Appellant, Dominick Manfre, appeals from an order entered by the Human Services Department (Department) following

an administrative adjudication by the Department involving the interception of appellant's income tax refund and application of the monies to unpaid child support arrearages. We dismiss appellant's appeal for lack of jurisdiction.

The Department rendered a fair hearing decision, following appellant's challenge of the Child Support Enforcement Bureau's action in submitting his name to the Internal Revenue Service in 1982 for the interception of his federal income tax refund. The issue before the Department was whether the Child Support Enforcement Bureau was correct in requesting that appellant's federal income tax refund check be intercepted in order to partially reimburse the Department for Aid to Families with Dependent Children (AFDC), granted on behalf of his children from 1978 to 1980. Appellant contested the agency's action on various grounds. The fair hearing decision, however, rejected his contentions and affirmed the interception of the check.

Public Law 97–35, 95 Stat. 860, § 2331 (1982) (enacted August 13, 1981), authorizes the Secretary of the Treasury to remit all or a portion of a taxpayer's overpayment of federal income tax to the child support enforcement agency of a state to be applied toward the satisfaction of the taxpayer's delinquent child support pursuant to Section 664 of the Social Security Act. *See also* C.F.R. § 301.6402–5 (1984).

Appellant wrote to the Department asking how to appeal the fair hearing decision. The Department informed appellant that he should file a notice of appeal with this court. Appellant, acting through his out-of-state counsel, did so by sending a letter to this court, stating his intention to appeal and requesting this court to direct the Department to return the intercepted check.

This court issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction. The order to show cause pointed out that while NMSA 1978, Section 27–3–4 (Repl.Pamp.1984) allows appeals generally from fair hearing decisions of the Human Services Department, that statute specifically limits the right of appeal to applicants or recipients of services or assistance from the Department. Our order stated that there was no showing that appellant comes within the class of persons contemplated by the statute.

Our order to show cause also cautioned appellant's non-resident counsel that NMSA 1978, Civ.App.Rule 24(e) (Repl. Pamp.1984) and NMSA 1978, Section 36–2–27 (Repl.Pamp.1984) require counsel, not admitted to practice in this state, to associate with resident counsel. Our order set a response date. Prior to the response date, this court received a letter from appellant's counsel responding to the order to show cause and also requesting an extension of time to comply with all elements of the order. We denied the extension of time because Rule 24(e) states that, "Counsel not admitted to practice law in the state may not be heard in any matter unless resident counsel be associated with him or them."

■ The response date has now passed and no further response has been received from the appellant. Of the items mentioned in our order to show cause, we limit our discussion to the question of our subject matter jurisdiction. We consider the response filed by appellant's counsel only to the extent that it bears on the jurisdictional issue we decide. Because we have a duty to determine whether the court has jurisdiction of an appeal, *Rice v. Gonzales,* 79 N.M. 377, 444 P.2d 288 (1968), we shall consider all reasons why this court does or does not have jurisdiction over this appeal.[1]

---

1. The applicable federal law states that no court of the United States shall have jurisdiction of any legal or equitable action brought to restrain or review the collection of certified amounts, such as offsetting past-due child support payments against federal tax refunds owed to the taxpayer. Under federal law, sole jurisdiction to dispute any offset of a federal tax refund against child support arrearages shall be in a state court or state administrative agency. 26 U.S.C. § 6305(b) (1982); 26 C.F.R. § 301.6305–1(a), (d)(3) (1984); 20 Fed.Proc.L.Ed. §§ 48.711, 48.738 (1983).

Appellant contends that this court has jurisdiction over his appeal because the Department told him to file his appeal in this court and because he is an "applicant" for the return of funds that were alleged to have been wrongfully taken from him. He is incorrect.

■ This court is a court of limited jurisdiction. *See State ex rel. Townsend v. Court of Appeals*, 78 N.M. 71, 428 P.2d 473 (1967); *see also Kennecott Copper Corp. v. Environmental Improvement Board*, 84 N.M. 193, 500 P.2d 1316 (Ct.App.1972). Our constitution states that the Court of Appeals may be authorized by law to review directly, decisions of state administrative agencies, and this court may be authorized by rule of the supreme court to issue writs. In all other cases, this court exercises appellate jurisdiction as provided by law. N.M. Const. art. VI, § 29. The statute defining our jurisdiction allows us to review, on appeal, decisions of administrative agencies of the state when express legislative authorization specifies a right of direct appeal. NMSA 1978, § 34–5–8 (Cum.Supp. 1984). However, New Mexico's legislative scheme is such that our jurisdiction over administrative appeals is created separately from the general statute defining our jurisdiction. *Id.* (the appellate jurisdiction of the court of appeals includes appeals from decisions of state administrative agencies where direct review is provided by law).

■ It is the rule in New Mexico that specific statutes control over general statutes. *State v. Blevins*, 40 N.M. 367, 60 P.2d 208 (1936); *State v. Martinez*, 91 N.M. 804, 581 P.2d 1299 (Ct.App.1978). Thus, Section 34–5–8 does not automatically give this court jurisdiction over all decisions of administrative agencies. Rather, the jurisdiction of this court is limited to those appeals provided for by specific statutes such as Section 27–3–4. *See also, e.g.*, NMSA 1978, § 7–1–25 (Repl.Pamp.1983)

(tax); § 22–10–20 (Repl.Pamp.1984) (board of education); § 74–4–5 (Repl.Pamp.1983) (environment).

■ Our attention has not been called to any statute other than Section 27–3–4 which would allow a direct appeal to this court from a decision of the Department; nor has our independent research located one. In the absence of a statute or other provision of law specifically authorizing an appeal to this court, we have no jurisdiction. *See Eastern Indemnity Co. of Maryland v. Heller*, 102 N.M. 144, 692 P.2d 530 (Ct.App.1984). Under Section 27–3–4, an applicant for the return of an intercepted tax refund is not an applicant or recipient. Section 27–3–4 refers to appeals from decisions rendered under NMSA 1978, Section 27–3–3 (Repl.Pamp.1984) (the section refers to applicants for or recipients of assistance or services under any provision of the Public Assistance Act, Social Services Act or Special Medical Needs Act).

■ The terms "applicants" or "recipients", under Section 27–3–4, mean the same thing as applicants or recipients under Section 27–3–3. Because appellant's fair hearing had nothing to do with any application by him for or receipt of assistance or services, we hold that we have no jurisdiction over his appeal pursuant to Section 27–3–4. In so ruling, we express no opinion on the authority of the Department to conduct a fair hearing on appellant's application for the return of his federal tax refund. We hold that he may not appeal an adverse decision from the Department to this court.

Our determination that a right of appeal to this court does not exist from an order of the Department denying the return of appellant's federal income tax refund, does not leave appellant without a remedy.[2] NMSA 1978, § 44–6–2; *see Roberson v.*

2. This state's constitutional provision that "an aggrieved party shall have an absolute right to one appeal," is not inconsistent with our holding. N.M. Const. art. VI, § 2. This court held in *State v. Giraudo*, 99 N.M. 634, 661 P.2d 1333

(Ct.App.1983), that a party's absolute right to one appeal specifically deals with appeals from the district court. This opinion does not restrict defendant's right to pursue his legal or equitable remedies in district court.

*Board of Education of Santa Fe,* 78 N.M. 297, 430 P.2d 868 (1967) (holding that where there is no statutory provision providing for an appeal from a decision of an administrative agency, a common law right of review by writ of certiorari may lie). *See also Kennecott Copper Corp. v. Environmental Improvement Board* (recognizing a right of review by means of a declaratory judgment before the district court).

The appeal is dismissed.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.