**Robert J. DeBRY, Plaintiff,**

v.

**SALT LAKE COUNTY BOARD OF APPEALS, Defendant.**

No. 870004–CA.

Court of Appeals of Utah.

Nov. 8, 1988.

William F. Bannon (argued), Robert J. DeBry, Robert J. DeBry & Associates, Salt Lake City, for plaintiff.

David E. Yocom, Paul Maughan (argued), Salt Lake Co. Atty.'s Office, Salt Lake City, for defendant.

Before DAVIDSON, BENCH and JACKSON, JJ.

## MEMORANDUM DECISION

JACKSON, Judge:

Robert J. DeBry ("DeBry") filed a petition in this court seeking direct appellate review of a final order of the Salt Lake County Board of Appeals ("Board"). We dismiss for lack of jurisdiction.

DeBry proceeds from the premise that a direct "appeal" to *some* court of this state from a final order of a local governmental agency is an inherent right. However, the jurisdiction of the Court of Appeals and the district court's appellate jurisdiction must be provided by statute. Utah Const. art. VIII, § 5. Because there is no constitutional or other statutory provision creating a right to judicial review—in either court—of final orders of local administratove agencies such as the Board,[1] DeBry contends our general jurisdictional statute must be interpreted as the statutory grant of a right of direct "appeal" to this court. We do not agree.

At the time DeBry's petition was filed, that statute provided: "The Court of Appeals has appellate jurisdiction ... over: (a) the final orders and decrees of state and local agencies or appeals from the district court review of them...." Utah Code Ann. § 78–2a–3(2)(a) (1987).[2] This general

---

1. *Cf.* Utah Const. art. VIII, § 5 ("Except for matters filed originally with the supreme court, there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction over the cause.").

2. The statute was recently amended by 1988 Utah Laws, ch. 73, § 1 (effective April 25, 1988). It now reads, in pertinent part:

(2) The Court of Appeals has appellate jurisdiction ... over:
  (a) the final orders and decrees resulting from formal adjudicative proceedings of state agencies or appeals from the district court review of informal adjudicative proceedings of the agencies ...;
  (b) appeals from the district court review of adjudicative proceedings of agencies of politi-

statute defines the outermost limits of our appellate jurisdiction, allowing us to review agency decisions only when the legislature expressly authorizes a right of review. *See State ex rel. Dep't of Human Servs. v. Manfre*, 102 N.M. 241, 693 P.2d 1273, 1275 (Ct.App.1984). It is not a catchall provision authorizing us to review the orders of every administrative agency for which there is no statute specifically creating a right to judicial review. In the absence of such a specific statute, we have no jurisdiction.[3]

DeBry's petition is therefore dismissed.

DAVIDSON and BENCH, JJ., concur.

cal subdivisions of the state or other local agencies[.]
Utah Code Ann. § 78–2a–3(2) (1988).

3. Our determination that this court has no jurisdiction in this case does not leave parties without a remedy for arbitrary or unlawful local agency action where there is no statute specifically authorizing judicial review. *See, e.g.,* Utah R.Civ.P. 65B(b)(2); *Davis County v. Clearfield City,* 756 P.2d 704, 707 (Utah App.1988) (where there is no specific, statutorily prescribed method for judicial review of city council action, review is available by "traditional means" of extraordinary writ). *See also Whiting v. Clayton,* 617 P.2d 362 (Utah 1980); *Peatross v. Board of Comm'rs of Salt Lake County,* 555 P.2d 281 (Utah 1976).