910 P.2d 324

**SUN COUNTRY PHYSICAL THERAPY ASSOCIATES, INC., Provider–Appellee,**

v.

**NEW MEXICO SELF–INSURERS' FUND, Insurer–Appellant.**

No. 16070.

Court of Appeals of New Mexico.

Nov. 22, 1995.

Eric J. Coll, Kelly Mack Cassels, Sanders, Bruin, Coll & Worley, P.A., Roswell, for Provider–Appellee.

Daniel E. Gershon, Baca, Coryell, Gershon & Hall, P.A., Santa Fe, for Insurer–Appellant.

*OPINION*

BLACK, Judge.

This case arises out of a claim for attorney fees under the Workers' Compensation Act, NMSA 1978, §§ 52–1–1 to –70 (Repl. Pamp.1991 & Cum.Supp.1995) (the Act). The New Mexico Self–Insurers' Fund (Insurer) appealed from an order issued by the Director of the Workers' Compensation Administration (Director) requiring it to pay attorney fees to a health care provider, Sun Country Physical Therapy Associates (Sun Country). We address whether this Court

has jurisdiction to consider an appeal from an order of the Director. For the reasons discussed below, we hold that we lack jurisdiction and dismiss this appeal.

## FACTS

Michael Young (Worker) assigned his right to receive payment from Insurer to Sun Country. A dispute arose between Sun Country and Insurer as to the payment of Sun Country's invoices. Pursuant to Workers' Compensation Administration Rule 93.9.8 (1994), Sun Country filed a Request for Determination by the Director to establish its entitlement to payment for services rendered to Worker. Under those procedures, the Medical Cost Containment Bureau determined that a good faith dispute existed as to whether the treatments rendered were reasonable and necessary. Consequently, the Director forwarded the dispute to a workers' compensation judge (WCJ), sitting as a miscellaneous proceeding judge, for a hearing. *See* WCA Rule 93–9–8(E)(3).

The WCJ reported findings and a recommendation that the Director enter an order determining that the treatments provided were, for the most part, reasonable and necessary. The Director adopted the WCJ's findings and recommendation in his Order.

As the prevailing party in this dispute, Sun Country filed a petition for attorney fees in the amount of $2,243.19 pursuant to Section 52–1–54(E) (Cum.Supp.1995). In a second hearing, a WCJ concluded that the requested fee was reasonable and each party was responsible for one-half of the amount. By order, entered November 28, 1994, the Director concurred with and adopted the WCJ's findings of fact and conclusions of law regarding the allocation of attorney fees. Insurer filed this appeal from the Director's order.

## DISCUSSION

■ This Court has a duty to determine whether it has jurisdiction of an appeal. *Rice v. Gonzales,* 79 N.M. 377, 378, 444 P.2d 288, 289 (1968). We begin by recognizing that, constitutionally, this Court has no original jurisdiction. N.M. Const. art. VI, § 29. Rather, the constitution limits our jurisdiction to those cases authorized by law. *Id.*

The statute that generally authorizes this Court's jurisdiction is NMSA 1978, Section 34–5–8 (Repl.Pamp.1990). Among the cases Section 34–5–8(A)(2) authorizes the Court of Appeals to review are all actions under the Workers' Compensation Act. Although this Court therefore has subject matter jurisdiction, the right to take an appeal from a worker's compensation administration order must still be authorized by legislation. *State ex rel. Dep't of Human Servs. v. Manfre,* 102 N.M. 241, 243, 693 P.2d 1273, 1275 (Ct.App. 1984) (Section 34–5–8 does not automatically give jurisdiction over administrative decision; specific statute must provide for appeal). *Cf. State ex rel. Pilot Dev. N.W., Inc. v. State Health Planning & Dev. Bureau,* 102 N.M. 791, 797, 701 P.2d 390, 396 (Ct.App.1985) (distinguishing issue of subject matter jurisdiction from the right to appeal a decision of an administrative agency, which is substantive and must be authorized by statute).

■ NMSA 1978, Section 52–5–8 (Repl. Pamp.1991) provides that any party may appeal from "the final order of the workers' compensation *judge.*" (Emphasis added.) Clearly, this statute authorizes appeals only from decisions of workers' compensation judges. The parties cite us to no legislative authorization for appeals from decisions of the Director of the Workers' Compensation Administration.

Insurer argues that the Director's order awarding attorney fees is, nonetheless, reviewable because the WCJ actually decided the matter and the Director's order was a superfluous confirmation of that decision. Insurer supports this argument by noting that the attorney fees were awarded pursuant to Section 52–1–54(C) which authorizes only a WCJ, and not the Director, to award such fees. However, in all its pleadings, Insurer has consistently fashioned this matter as an appeal from the order of the Director. The doctrine of judicial estoppel militates against recasting it as an appeal from the WCJ's opinion. *See Citizens Bank v. C & H Constr. & Paving Co.,* 89 N.M. 360, 366, 552 P.2d 796, 802 (Ct.App.) ("a party is not permitted to maintain inconsistent positions in judicial proceedings"), *cert. denied,* 90

N.M. 7, 558 P.2d 619 (1976), *modified* 90 N.M. 208, 561 P.2d 481 (1977).

Even if this Court were to accept Insurer's contention that this appeal is from the WCJ's decision, we would lack jurisdiction to consider it. A notice of appeal from the decision of a workers' compensation judge must be filed within thirty days from the date of the order. SCRA 1986, 12–601(B) (Repl.1992). *See also Maples v. State,* 110 N.M. 34, 791 P.2d 788 (1990). The WCJ in this case filed his decision on November 2, 1994. Insurer filed its notice of appeal on December 27, 1994. Therefore, any appeal from the decision of the WCJ is untimely and we would lack jurisdiction to hear any such appeal on these facts. *See Rice,* 79 N.M. at 378, 444 P.2d at 289.

Sun Country complains that the parties are left without an avenue for appeal if this case is dismissed for lack of jurisdiction. However, Sun Country concedes the parties are not left without remedy; they can seek a writ of certiorari from the district court. *Durand v. New Mexico Comm'n on Alcoholism,* 89 N.M. 434, 435, 553 P.2d 714, 715 (Ct.App.1976); *Manfre,* 102 N.M. at 243–44, 693 P.2d at 1275–76. While this procedure may not be as convenient or expeditious for the parties, we must observe our jurisdictional limits.

**CONCLUSION**

An order by the Director of the Workers' Compensation Administration is not appealable to this Court. The appeal is, therefore, dismissed.

**IT IS SO ORDERED.**

APODACA, C.J., and WECHSLER, J., concur.