**Joseph M. WISDEN, Petitioner and Appellant,**

v.

**DIXIE COLLEGE PARKING COMMITTEE, Respondent and Appellee.**

No. 950791–CA.

Court of Appeals of Utah.

March 20, 1997.

Joseph M. Wisden, St. George, appellant pro se.

Jan Graham and D. Michael Carter, Cedar City, for appellee.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

JACKSON, Judge:

Joseph M. Wisden appeals the district court's order dismissing this action for lack of subject matter jurisdiction. We affirm.

## FACTS

The material facts are undisputed. Wisden is a student at Dixie College. On April 19, 1995, Wisden parked his car in a handicapped stall on the Dixie College campus. Although Wisden has a disabled placard issued by the Utah State Department of Vehicles, he failed to display his disabled placard on this occasion, and there was no other visible indication that the car was properly parked there. A Dixie College Security Officer cited Wisden for "parking in a handicapped zone." A fine of twenty dollars was assessed against Wisden on the citation. Wisden pursued available appeals on the citation, ultimately requesting a hearing before the Dixie College Parking Committee (Parking Committee).

On May 9, 1995, the Parking Committee heard the appeal. Wisden was present at this proceeding and was given an opportunity to speak and to respond to the Parking Committee's questions.

The Parking Committee upheld the citation and fine on the basis that Wisden did not have his disabled placard visible while his car was parked in a handicapped zone. Wisden

was notified of the Parking Committee's decision, and was further informed that the Parking Committee decision was final and that he had exhausted all administrative remedies available on the citation.

Wisden then filed a petition in district court, seeking judicial review of the Parking Committee's decision. The district court dismissed the case for lack of subject matter jurisdiction.

## ANALYSIS

Wisden first argues that the district court had jurisdiction to review the decision of the Parking Committee pursuant to the Utah Administrative Procedures Act (UAPA), Utah Code Ann. §§ 63–46b–1 to –22 (1993 & Supp.1996). *See id.* § 78–3–4(7) (1996) (stating district court has jurisdiction to review agency adjudicative proceedings as set forth in UAPA). Wisden specifically argues that "the proceeding before the Dixie College Parking Committee was an informal adjudicative proceeding" and as such was subject to UAPA.

■ We review the district court's interpretation of a statute for correctness, giving no deference to the district court's determinations. *See Bellonio v. Salt Lake City Corp.*, 911 P.2d 1294, 1296 (Utah.Ct.App.), *cert. denied,* 917 P.2d 556 (Utah 1996). "When interpreting statutes, this court is guided by the long-standing rule that a statute should be construed according to its plain language." *Utah Sign, Inc. v. Utah Dep't of Transp.*, 896 P.2d 632, 633 (Utah 1995). "Thus, we will interpret a statute according to its plain language, unless such a reading is unreasonably confused, inoperable, or in blatant contravention of the express purpose of the statute." *Perrine v. Kennecott Mining Corp.*, 911 P.2d 1290, 1292 (Utah 1996).

■ UAPA, in general, establishes uniform standards for judicial review of administrative agency actions. However, section 63–46b–1 provides that UAPA does not apply to "state agency actions to evaluate, *discipline,* employ, transfer, reassign, or promote *students* or teachers *in any school or educational institution,* or judicial review of those actions." Utah Code Ann. § 63–46b–1(2)(d) (Supp.1996) (emphasis added). The plain language of this provision exempts from UAPA actions relating to student discipline in any educational institution. Wisden's hearing before the Parking Committee was such a student disciplinary action. Thus, according to UAPA's plain language, the district court did not have subject matter jurisdiction under UAPA to review the Parking Committee's action.

Wisden argues, however, that although he was a student and was cited with a parking violation on campus, his case was adjudicated only as an alleged parking violation and was not related to his conduct as a student. Therefore, he argues that he was not "being disciplined *as a student.*" However, Utah law authorizes the state's institutions of higher education, including Dixie College, *see id.* § 53B–3–102 (1997), to enact and enforce regulations governing the conduct of its students, which regulations "may include rules governing traffic, parking, and related matters upon campuses." *Id.* § 53B–3–103. Utah law further provides that the institutions may enforce these regulations

> in any reasonable manner, including the assessment of fees, fines, and forfeitures, the collection of which may be by withholding from moneys owed the violator, the imposition of probation, suspension, or expulsion from the institution, the revocation of privileges, the refusal to issue certificates, degrees, diplomas, and any reasonable combination of these alternatives.

*Id.* Thus, Utah law specifically contemplates actions such as enforcing student parking regulations as being student disciplinary actions.

■ Wisden also argues that he has a constitutional right to judicial review of the Parking Committee's decision. Wisden relies on article VIII, section 5 of the Utah Constitution, which provides, in part, that "there shall be in all cases an appeal of right from the court of original jurisdiction to a

court with appellate jurisdiction over the cause."[1] In interpreting constitutional provisions, we follow the rule that such provisions, like statutes, " 'should be interpreted and applied according to the plain import of their language as it would be understood by persons of ordinary intelligence and experience.' " *Salt Lake City v. Ohms*, 881 P.2d 844, 850 n. 14 (Utah 1994) (citation omitted).

■ Wisden argues that the Parking Committee proceeding constitutes a "court of original jurisdiction" under article VIII, section 5, and that he is thus entitled under the state constitution to judicial review of the Parking Committee's decision by the district court. However, interpreting article VIII, section 5 according to its plain language, the language "court of original jurisdiction" cannot be construed to include a college parking committee proceeding. Further, article VIII, section 5 also states that "[t]he district court shall have appellate jurisdiction as provided by statute." By its plain language, this provides that the district court's jurisdiction to review the decisions of administrative agencies and lower courts must be provided by statute. This suggests, therefore, that nothing in this provision gives district courts appellate jurisdiction over agency rulings such as the decision of the Parking Committee.

Moreover, this court has previously declined to read the language of article VIII, section 5 so broadly as to create a constitutional right to judicial review of all state or local administrative agency rulings. *See De-Bry v. Salt Lake County Bd. of Appeals*, 764 P.2d 627, 627 (Utah.Ct.App.1988). In *DeBry*, the defendant sought direct appellate review of a final order of the Salt Lake County Board of Appeals, arguing that a "direct 'appeal' to *some* court . . . from a final order of a local government agency is an inherent

right." *Id.* at 627. This court rejected that argument, stating that "the jurisdiction of the Court of Appeals and the district court's appellate jurisdiction must be provided by statute." *Id.* (citing Utah Const. art. VIII, § 5).

In *DeBry*, as in this case, there was no statute specifically creating a right to judicial review of the administrative decision. *See id.* This court further refused in *DeBry* to interpret the general court of appeals jurisdictional statute, Utah Code Ann. § 78–2a–3(2)(a) (1996), as providing a statutory right to direct appeal to this court in the absence of other specific statutory language providing a right of review. *See DeBry*, 764 P.2d at 627–28. We also noted that, in addition to there being no specific statute creating a right to judicial review, there was "no constitutional . . . provision creating a right to judicial review—in either court—of final orders of local administrative agencies such as the [Salt Lake County Board of Appeals]." *Id.* at 627 & n. 1 (citing Utah Const. art. VIII, § 5 in comparison). We therefore concluded that this court did not have jurisdiction to review the Board's ruling. *See id.* at 628.

Based on the plain language of article VIII, section 5, and our prior reading of this provision in *DeBry*, we conclude that Wisden is not constitutionally entitled, under article VIII, section 5 of the Utah Constitution, to judicial review of the Parking Committee's decision.

## CONCLUSION

The district court correctly determined that it did not have jurisdiction pursuant to

---

1. In its entirety, article VIII, section 5 provides:

   The district court shall have original jurisdiction in all matters except as limited by this constitution or by statute, and power to issue all extraordinary writs. The district court shall have appellate jurisdiction as provided by statute. The jurisdiction of all other courts, both original and appellate, shall be provided by statute. Except for matters filed originally with the Supreme Court, there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction over the cause.

   Utah Const. art. VIII, § 5.

UAPA to review the Parking Committee's decision. In addition, the Utah Constitution does not provide Wisden with a right to judicial review of the Parking Committee's decision.[2] Accordingly, we affirm.

BILLINGS and GREENWOOD, JJ., concur.

---

**2.** Wisden also attempts to make an equal protection argument, citing article I, section 24 of the Utah Constitution (Utah's uniform application of laws provision). However, Wisden does no more than make a nominal allusion to this constitutional provision in his brief, and fails to provide any analysis or support for his assertion. "It is well established that this court will decline to consider an argument that a party has failed to adequately brief." *State v. Vigil*, 922 P.2d 15, 28 (Utah.Ct.App.1996); *see also State v. Scott*, 860 P.2d 1005, 1007 n. 3 (Utah.Ct.App.1993) (declining to address defendant's state constitutional argument for lack of adequate briefing).

Moreover, assuming the district court had jurisdiction to consider this issue, the record reveals that this issue was neither presented to nor ruled upon by the district court. Thus, the issue was not preserved for appeal, and we are precluded from addressing the issue. *See Ong Int'l (U.S.A.), Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 455 (Utah 1993) (holding failure to raise issue below precludes its consideration on appeal).