DEPARTMENT OF ENVIRONMENTAL QUALITY, DIVISION OF DRINKING WATER; and Kevin Brown, Executive Secretary for the Drinking Water Board, Plaintiffs and Appellees,

v.

GOLDEN GARDENS WATER COMPANY aka Golden Gardens Water System, Defendant and Appellant.

No. 20000494–CA.

Court of Appeals of Utah.

June 1, 2001.

Stephen R. Randle, Randle, Deamer, Zarr, McConkie & Lee, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., Melissa M. Hubbell, Asst. Atty. Gen., Salt Lake City, for Appellees.

Before JACKSON, Associate P.J., BENCH and THORNE, JJ.

## OPINION

NORMAN H. JACKSON, Associate Presiding Judge:

¶1 Appellant Golden Gardens Water Company (Golden) appeals the district court's Order and Judgment denying a trial de novo. The district court ruled that the Safe Drinking Water Board's "administrative hearing was the appropriate remedy[, and s]ince an administrative hearing has been held, [Golden] is barred from a Trial de Novo." We affirm on different grounds.

## BACKGROUND

¶2 On October 22, 1996, the executive secretary of the Safe Drinking Water Board (the Board), a division of the Department of Environmental Quality, issued a notice of violation and order (Notice/Order) to Golden. The Board [1] asserted several violations of the Safe Drinking Water Act in the Notice/Order and claimed that the Notice/Order was issued under the authority of the Safe Drinking Water Act and "in accordance with the Utah Administrative Procedures Act." The Notice/Order also contained the following notice provision of the Utah Administrative Procedures Act (UAPA):

Any further administrative proceedings in this case shall be conducted formally, under Utah Code Annotated §§ 63–46b–6 through 63–46–14, inclusive; and R309–101–9.1(b), Utah Administrative Code. To contest this Notice of Violation and Order, you must respond to it in writing and request a hearing from the Board. The response and request for hearing must be *received* by the Executive Secretary ... within 30 days of the date of receipt of this notice and order. *See* Utah Code Annotated § 63–46b–3(2)(a)(iv) and § 63–46b–12. You will not be allowed to contest this Notice of Violation and Order in court if you do not first participate in the hearing process described in [ ] Utah Code Annotated § 63–46b–14(2).

¶3 Tage Nyman (Nyman), president of Golden, requested a hearing from the Board

as instructed, and acted pro se at that hearing on April 9, 1997. On April 28, 1997, the Board issued a final order (Final Order) upholding the Board's Notice/Order. The Final Order concluded that Golden had violated several provisions of the Safe Drinking Water Act, and ordered Golden to comply (or, in some instances, to submit a plan detailing how it would come into compliance). Neither Nyman nor Golden requested reconsideration of the Final Order or requested judicial review. However, Golden did not comply with either order.

¶4 Later, the Attorney General's Office, at the Board's request, filed a motion before the district court for an Order to Show Cause as to why Golden should not comply with its Final Order. The Board's amended complaint alleged that the Board had notified Golden that Golden had violated provisions of the Safe Drinking Water Act by "failing to monitor for pesticides and unregulated organic chemicals[,] ... failing to meet peak instantaneous flow requirements[, and] ... failing to meet the requirements of a cross-connection control program." The Board also asserted that Golden had violated the Final Order by failing to comply with the Notice/Order.

¶5 Golden responded by filing a motion for a trial de novo, arguing that the Board was not authorized to conduct an adjudicative hearing. The district court denied Golden's motion, concluding that the "holding of an administrative hearing was the appropriate remedy," and that "since an administrative hearing has been held, [Golden] is barred from a Trial de Novo." Further, the district court "granted a stay of enforcement of the Order of the [Board] until the issue of whether the Drinking Water Board has authority to conduct formal administrative hearings ... is appealed." Golden appeals.

## ISSUES AND STANDARD OF REVIEW

¶6 This appeal presents three issues: (1) whether the district court correctly determined that the Board "appropriately" con-

---

1. There is no difference in interest or action between the appellees in this case. Thus, for

convenience we mention only the Board.

ducted—and thus had statutory authority to hold—the administrative hearing that upheld the Board's Notice/Order; (2) whether Golden is entitled to appellate review or a trial de novo to challenge the Notice/Order on its merits; and (3) if not, what the proper procedure is for the parties to obtain a final resolution of their dispute.[2] These issues present questions of law, which we review for correctness, giving no deference to the Board's interpretation. *See Savage Indus., Inc. v. Utah State Tax Comm'n*, 811 P.2d 664, 668 (Utah 1991); *Utah Dep't of Corr. v. Despain*, 824 P.2d 439, 443 n. 8 (Utah Ct.App.1991).

## ANALYSIS

### Challenge to District Court's Basis for Denying a Trial De Novo

■ ¶ 7 Golden argues that the Board has no statutory authority to hold an adjudicative hearing. Thus, Golden asserts that the April 9, 1997 hearing before the Board was "a nullity, and enforcement of the [Notice/Order] must be by an action" for an injunction under Utah Code Ann. § 19–4–107 (1996). We agree.

■ ¶ 8 "According to standard rules of statutory construction, Utah appellate courts first look to a statute's plain meaning in discerning legislative intent. 'To that end, a statute should be construed as a comprehensive whole, not in a piecemeal fashion.' " *Graham v. Davis County Solid Waste Mgmt. & Energy Recovery Serv. Dist.*, 1999 UT App 136,¶ 21, 979 P.2d 363 (citation omitted). "We need not go beyond the plain language unless we find [the statute's] language ambiguous." *Mariemont Corp. v. White City Water Improvement Dist.*, 958 P.2d 222, 224 (Utah 1998).

¶ 9 "The authority of the [Board] *is limited to the specific authority granted [it]* un-

der this title." Utah Code Ann. § 19–1–106(2) (1995) (emphasis added). Title 19 does not specifically authorize the Board to hold hearings. This omission shows that it was not the Legislature's intent to authorize the Board to hold adjudicative hearings. *See Traylor Bros. v. Overton*, 736 P.2d 1048, 1052 (Utah Ct.App.1987) (stating that omissions in statutory language "should be noted and given effect"). This conclusion is reinforced by the fact that the Legislature specifically authorized every other board created under Title 19, each within their respective chapters, to hold hearings. *See id.* at §§ 19–2–104(3)(a), –108(3) (authorizing the Air Quality Board to hold hearings); *id.* at §§ 19–3–103.5(1)(c), –109(4) (authorizing the Radiation Control Board to hold hearings and adjudicative proceedings); *id.* at §§ 19–5–111 to 112 (authorizing the Water Quality Board to hold hearings on notices of violation); *id.* at § 19–6–104(1)(c) (authorizing the Solid and Hazardous Waste Control Board to hold hearings). Yet the Legislature repealed a similar section that expressly authorized the Board to hold hearings.[3] *See* Utah Code Ann. § 26–12–9 (1989).

¶ 10 The Board argues that sections 19–1–301 and 19–1–305 give every Title 19 board general authority to hold hearings. Section 19–1–301 states, "[t]he department and it's [sic] boards shall comply with the procedures and requirements of Title 63, Chapter 46b, Administrative Procedures Act," which regulates how agencies will conduct adjudicative proceedings and agency reviews. However, nothing in the plain language of section 19–1–301 specifically authorizes the Board to hold hearings. Rather, this section governs how *boards which are authorized* to hold hearings will conduct those hearings. A general statement that UAPA governs explicitly

---

2. Golden also requests that we address certain issues going to the merits of the Notice/Order in an advisory capacity. However, as Golden concedes in its reply brief, "these issues are not properly here," and we cannot address them. *See DeBry v. Salt Lake County Bd. of Appeals*, 764 P.2d 627, 628 (Utah Ct.App.1988) (stating that this court is allowed to review agency decisions "only when the legislature expressly authorizes a right of review").

3. In removing the Board's authority to hold hearings, the Legislature may have considered that the importance of drinking water to the community necessitates a procedure likely to result in a speedy final determination of notices of violation and orders. Considering the effect of drinking water on the public's health, a more drawn out process could have grave consequences.

authorized hearings does not specifically authorize the Board to hold hearings.[4]

¶ 11 Neither does section 19–1–305 authorize the Board to hold hearings. Rather, it determines the tolling effect of the Board's civil remedy under section 19–4–107. *See* Utah Code Ann. § 19–1–305 (1995). Nothing in the plain language of section 19–1–305 authorizes the Board to hold hearings. *See id.* Thus, we conclude that the April 9, 1997 hearing was a nullity, and all subsequent actions by the Board before the district court were superfluous. Accordingly, the district court erred in determining that the Board "appropriately" held the April 9, 1997 hearing.

¶ 12 Since the Board is not authorized to conduct hearings, the only means it has of enforcing a notice of violation and order is provided by section 19–4–107:

(1) Upon discovery of any violation of a rule or order of the board, the board or its executive secretary shall promptly notify the supplier of the violation, state the nature of the violation, and issue an order requiring correction of that violation or the filing of a request for variance or exemption by a specific date.

(2) *The attorney general shall, upon request of the board, commence an action for*

*an injunction or other relief relative to the order.*

*Id.* at § 19–4–107 (emphasis added). Accordingly, in order to enforce its Notice/Order, the Board must request the attorney general to "commence an action" pursuant to section 19–4–107. *Id.* The Board's action, initiated by its amended complaint, failed to comply with section 19–4–107 because it sought enforcement of its Final Order, which was a nullity.

## Golden's Request for Trial De Novo

■■■ ¶ 13 Golden claims it is entitled to a trial de novo to review the issues raised by the Board's Notice/Order. However, "this court has previously declined to read the language of article VIII, section 5 [of our constitution] so broadly as to create a constitutional right to judicial review of all state or local administrative agency rulings." *Wisden v. Dixie Coll. Parking Comm.*, 935 P.2d 550, 553 (Utah Ct.App.1997). Without statutory authority to review the Notice/Order, neither we nor the district court have jurisdiction to review it. *See DeBry v. Salt Lake County Bd. of Appeals*, 764 P.2d 627, 627 (Utah Ct.App.1988). The procedural posture of the case leaves both the district court and this court without the statutory authority necessary for jurisdiction.[5]

---

4. The Board asserts that because section 19–1–301 mandates Title 19 boards' compliance with UAPA, section 63–46b–1(2)(k) in turn specifically authorizes the Board to hold hearings. Section 63–46b–1(2)(k) states that "this chapter does not govern ... the issuance of any notice of violation or order under ... Title 19, Chapter 4, Safe Drinking Water Act ... except that this chapter governs any agency action commenced by any person *authorized by law* to contest the validity or correctness of the notice or order." Utah Code Ann. § 63–46b–1(2)(k) (Supp.1994) (emphasis added). "However, before the provisions of the UAPA are activated, the proceedings and orders of the administrative agency in question must have been *validly challenged.*" *State v. Truman Mortensen Family Trust*, 2000 UT 67,- ¶ 21, 8 P.3d 266 (emphasis added). The Safe Drinking Water Act does not allow a party to "validly challenge" the Board's Notice/Order through an administrative hearing. *Id.* Thus, the Safe Drinking Water Act does not "activate" UAPA, and sections 19–1–301 and 63–46b–1(2)(k) do not specifically authorize the Board to hold hearings.

The Board further contends that Utah Code of Administrative Procedure Rule R309–1–9.1(b), which exempts the Board's notices of violation and orders from UAPA and requires appeals to the Board to be conducted formally, authorizes the Board to hold hearings. This argument similarly fails because section 19–1–106(2) limits the Board's authority to authority specifically granted to the Board in Title 19.

5. Our determination that this court [or the district court] has no jurisdiction in this case does not leave [the] parties without a remedy for arbitrary or unlawful local agency action where there is no statute specifically authorizing judicial review. [W]here there is no specific, statutorily prescribed method for judicial review of [agency] action, review is available by "traditional means" of extraordinary writ. *DeBry*, 764 P.2d at 628 n. 3. Thus, unless Golden challenges the Notice/Order based on one of these remedies, it must be content to wait for the Board to initiate an enforcement action pursuant to section 19–4–107(2) before it can challenge the Notice/Order.

¶ 14 While the district court denied Golden a trial de novo on erroneous grounds, "it is well settled that an appellate court may affirm a [lower] court's ruling on any proper grounds, even though the [lower] court relied on some other ground." *DeBry v. Noble*, 889 P.2d 428, 444 (Utah 1995). Accordingly, we affirm the district court's order and judgment denying trial de novo based on lack of jurisdiction to hear a trial de novo.

## CONCLUSION

¶ 15 Although the district court denied a trial de novo based on erroneous grounds, we affirm the district court's order and judgment on other grounds. We note, however, that in light of our conclusion regarding the Board's lack of authority to hold the April 1997 hearing, the Board has yet to properly enforce its Notice/Order. Thus, the Notice/Order can only be enforced when the Board "commence[s] an action [in district court] for an injunction or other relief relative to the order."[6] Utah Code Ann. § 19–4–107(2) (1996).

¶ 16 WE CONCUR: RUSSELL W. BENCH, Judge, WILLIAM A. THORNE, Jr., Judge.

---

6.  Although Golden's request for a trial de novo is denied, the issues Golden wanted to assert at a trial de novo can be properly raised in a section 19–4–107(2) proceeding.